IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TRAVIS BANKS, #L2394**                                                    **PLAINTIFF**

v.                                                   **CAUSE NO. 1:17-cv-87-LG-RHW**

**MARSHAL TURNER, et al.**                                        **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>
<u>**DISMISSING PLAINTIFF'S COMPLAINT**</u>

This matter is before the Court, sua sponte, for consideration of dismissal. Plaintiff Travis Banks, an inmate of the Mississippi Department of Corrections, brings this pro se Complaint seeking monetary damages and injunctive relief. Banks is proceeding *in forma pauperis*. *See* Order [6]. The named Defendants are: Marshal Turner, Warden at South Mississippi Correctional Institution ("SMCI"); Jane Doe #1, Disciplinary Hearing Officer at SMCI; and Jane Doe #2, Disciplinary Hearing Officer at SMCI. The Court, having liberally construed the Complaint [1] and Response [13] in consideration with the applicable law, finds that this case should be dismissed.

I.     Plaintiff's Claims

In August of 2016, Banks was found guilty of a prison rule violation report ("RVR") for possession of an electronic device. Banks states that his punishment for this disciplinary conviction is an 18-month restriction on his prison privileges, including canteen, visits and phone use. Thes appeal of this RVR and resulting punishment was denied.

Banks asserts several complaints regarding the disciplinary process, which he claims violates MDOC policy and his constitutional rights. Specifically, Banks complains that at his disciplinary hearing he was not allowed to call witnesses or make a statement and the hearing was not recorded. Banks complains that despite these due process violations, he was found guilty of the RVR and his appeal of the disciplinary action was denied by Warden Turner. As relief, Banks is seeking an order reversing the disciplinary findings, vacating the restrictions on his privileges, and awarding him monetary damages.

II. Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoners proceeding *in forma pauperis*, and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Banks is proceeding *in forma pauperis*, his Complaint is subject to the case-screening procedures set forth in 28 U.S.C. § 1915 (e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff "must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Bryant v. Military Dep't of the State of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010). Initially, the Court notes that discipline of inmates

by prison officials is "within the expected perimeters of the sentence imposed by a court of law." *Sandin v. Conner,* 515 U.S. 472, 485 (1995).

Banks is asserting that his constitutional right to due process was violated when he lost prison privileges and when he was denied relief in the prison grievance system. To invoke the protections of the Due Process Clause, Banks must have a protected liberty interest at stake. In the prison context, a constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484.

Thes loss of prison privileges as punishment "are in fact merely changes in the conditions of his confinement and do not implicate due process concerns." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The Fifth Circuit has specifically addressed the loss or restriction of most prison privileges and determined that protection under the Due Process Clause is not available. *See Lewis v. Dretke*, No. 02-40956, 2002 WL 31845293, at *1 (5th Cir. 2002) (finding restrictions on commissary, telephone, recreation, and library privileges as well as attendance at religious services, resulting from allegedly false disciplinary charges does not implicate due process); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (holding inmate has no constitutional right to visitation privileges); *Bulger v. United States*, 65 F.3d 48, 50 (5th Cir.1995) (finding inmate's loss of prison job did not implicate a liberty interest even though the inmate lost the ability to automatically accrue good-time credits). Since Banks does not have a

3

constitutionally protected right to certain privileges while in prison, his due process claim fails.

Furthermore, the Court finds that to the extent Banks is claiming that MDOC policy and procedure was violated during his disciplinary process, he is not entitled to relief under § 1983. These allegations, without more, simply do not rise to a level of constitutional deprivation. *See Guiden v. Wilson,* 244 F. App'x 980, 981 (5th Cir. 2009) ("A violation of a prison rule by itself is insufficient to set forth a claim of a constitutional violation.") (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)).

In addition, the Court finds that Banks does not have a federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction. *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005). Therefore, claims that appeals within the prison grievance system are "arbitrarily and capriciously denied" are not cognizable. *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011) (finding "a prisoner does not have a constitutional right to a grievance procedure at all"). The claims related to how his grievance or appeal of his disciplinary action was handled by Warden Turner is frivolous. *Id.*; *Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012) (finding inmate's claims regarding grievance process were properly dismissed as frivolous).

III. Conclusion

The Court has considered the pleadings and applicable law. For the reasons stated, this civil action will be dismissed as frivolous and for failure to state a claim.

4

*See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i)-(ii).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915 (g).

**SO ORDERED AND ADJUDGED** this the 2nd day of June, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE